## JACKSON HOMESTEAD ASS'N v. ZERLIN et al.*

### No. 13963.

Court of Appeal of Louisiana. Orleans.
March 7, 1932.

Deutsch & Kerrigan, of New Orleans, for appellants Madison Lumber Co. and Carolina Portland Cement Co.

H. W. Kaiser, Thomas Tomeny, and J. H. Hammel, Jr., all of New Orleans, for appellee Sam Latter.

JANVIER, J.

Jackson Homestead Association foreclosed a first mortgage on certain property belonging to George Zerlin and Pyrame Norman Parsons, and, since the mortgages and other liens recorded against the said property exceeded the sale price, the civil sheriff deposited in the registry of the civil district court the net proceeds, and thereafter the various claimants were, by appropriate proceedings, required to assert their respective claims thereto.

The claim of the foreclosing creditor, Jackson Homestead Association, was not contested by the other claimants and it was paid in full.

Sam Latter, claiming to be the holder of a second mortgage note on the property, asserted his right to payment of the amount represented by the note by preference over all other creditors, except, of course, the holder of the first mortgage note which had been recognized and paid. A hearing was had in the court below, and the prior right of Latter was recognized, and judgment was rendered ordering the payment to Latter, from the fund on deposit, of the sum of $644.

Among the remaining lienholders, the small amount still remaining in the registry of the court was ordered distributed in the proportion in which the claim of each bore to the total amount of the unpaid claims.

From that judgment only two lienholders have appealed—the Carolina Portland Cement Company, holding a lien for $526.09, and Dendinger, Inc. (operating as Madison Lumber Company), holding a lien for $271.

These two claimants dispute the correctness of that part of the judgment which recognizes the claim of Sam Latter, and they assert that the note on which Latter's claim is based and the mortgage by which the said note is said to be secured were canceled by payment, subrogation, or confusion, prior to the sale of the property. The contention of the two appellants is that Latter was not the real owner of the note, but that it was bought by Zerlin, one of the makers, who interposed Latter so that it could not be said that, since Zerlin was one of the makers and was also the owner thereof, it had been extinguished by confusion.

The note in question is dated May 23, 1928, and it was originally owned by Elias Pailet. Latter claims to have purchased it from Pailet at some time between May 20 and May 30, 1931, so that, at the time of the sale, whether to Latter or to Zerlin, the note, which was payable one year from its date (May 23, 1928), had already matured.

When Pailet surrendered the note, whether it was to Latter or to Zerlin, he was given $200 in cash and another note for $100, payable in six months, made by Zerlin to his own order and indorsed by Zerlin and Latter. It is the fact that Zerlin gave this new note for $100 as part of the purchase price of another note, which he now maintains that Latter bought, which is now pointed to as a most suspicious circumstance.

No satisfactory explanation is given to show why he (Zerlin) gave his note to Pailet in payment for another note which was bought by Latter. He says that he gave the note because Pailet asked him to do so "just to keep track of the transaction."

If Pailet sold Zerlin's note to Latter partly

for cash and partly on a note, it is indeed strange that Zerlin should issue his new note to pay the purchase price owed by Latter. On the other hand, if Zerlin was the purchaser, it is not at all strange that Pailet should refuse to accept his unsecured and unindorsed note because it must be remembered that, at that time, Zerlin had failed to pay the note which Pailet already owned, and also that, according to Pailet, Zerlin some time before had, in another transaction, given to him (Pailet) a check for $179, which had been dishonored and had never been paid.

Latter was the father-in-law of Zerlin, and, on many occasions, had loaned him money, and it would have been more or less natural for Zerlin, who owed a note for $644, finding that that note could be bought for a much smaller amount—for Pailet and Zerlin both so testified—to go to Latter for assistance in purchasing the note for considerably less than its face value. Under such circumstances, if, as Latter testified, he had only $200 in cash to lend to Zerlin, it was quite reasonable for Zerlin to pay that amount to Pailet and to offer his note for the balance, and, as we have said, since Pailet already knew of Zerlin's want of financial responsibility, it was natural that he should require an indorser.

On the other hand, since Latter was familiar with the financial status of his son-in-law, it is preposterous to suppose that he would have been interested in investing in the past-due note of his son-in-law as "a good investment," as we are now asked to believe. It is equally unbelievable that, if Latter had in fact decided to buy the note in question, he should have asked his son-in-law to give his note for the unpaid portion of the purchase price.

We well realize that only questions of fact are involved, and that the district judge resolved these disputed questions of fact in favor of Latter, and we appreciate that the rule of law is that, in such case, there should not be a reversal except where manifest error occurs. But, after carefully reviewing the record, we cannot reach any conclusion other than that there is manifest error, and that the judgment recognizing Latter's claim should be reversed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from, distributing the proceeds remaining in the hands of the civil sheriff after payment of the claim of Jackson Homestead Association, be amended so as to read as follows:

"It is ordered, adjudged and decreed that $644.00 be distributed between Dendinger, Incorporated (Madison Lumber Company) and Carolina Portland Cement Company, as follows: $219.83 to Dendinger, Incorporated, and $425.17 to Carolina Portland Cement Company; and it is further ordered, adjudged and decreed that the balance be distributed and paid to the following named creditors in proportion to their respective claims, as set forth after their respective names:

| | |
|---|---|
| Lorio's Iron Works, fixed at | $ 89.00 |
| Pailet, Inc., fixed at | 154.75 |
| Veith's Supply Co., Inc., fixed at | 88.09 |
| Karl Hansen Company, Inc., fixed at | 311.74 |
| Carolina Portland Cement Company, balance, | 100.92 |
| Dendinger, Inc. (Madison Lumber Company), balance, | 51.17." |

It is further ordered that the judgment, insofar as it recognizes the claim of Sam Latter, be and it is annulled, avoided and reversed, and that the said claim be and it is rejected.

In all other respects the judgment appealed from is affirmed.

Affirmed.

HIGGINS, J., absent, takes no part.